# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| OTIS ALEXANDER, III, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV618-050 |
| | ) | CR613-015 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Otis Alexander, III's first 28 U.S.C. § 2255 motion to vacate his conviction was denied on the merits (docs. 42, 45 & 46[1]), and his motion for a certificate of appealability was denied by the Eleventh Circuit (doc. 51; *see Alexander v. United States*, No. 16-10408-C (11th Cir. Aug. 2, 2016). He is back again, with a second motion to vacate his sentence (doc. 55) and no authorization from the Eleventh Circuit to do so. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an

---

[1] The Court is citing to the criminal docket in CR413-015 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).

It is undisputed that Alexander has not received authorization from the Eleventh Circuit to file a successive motion. *See* doc. 384. This Court thus lacks jurisdiction to consider his petition. *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); s*ee also Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003) ("when a federal prisoner's claims fall within the ambit

of § 2255, the prisoner is subject to that section's restrictions"). Movant's second § 2255 motion should be **DISMISSED**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __24th__ day of April, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA